IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

DON EDWARD SEELY,                    )
                                     )
            Petitioner,              )
                                     )
vs.                                  )        Case No. 09-CV-219-JHP-PJC
                                     )
JUSTIN JONES, Director,              )
                                     )
            Respondent.              )

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 5) filed by Petitioner Don

Edward Seely, a state inmate appearing pro se.  Respondent filed a response (Dkt. # 13) and

provided the state court records (Dkt. #s 13, 14, and 15) necessary for adjudication of Petitioner's

claims.  Petitioner filed an objection (Dkt. # 16) to Respondent's response, complaining that he had

not been provided copies of transcripts. In addition, after being granted three (3) extensions of time

to file a reply, see Dkt. #s 21, 23, 25, Petitioner filed a "brief in support of petition for writ of habeas

corpus" (Dkt. # 27), rather than a reply to the response.  For the reasons discussed below, the Court

finds the petition for writ of habeas corpus shall be denied.

### PRELIMINARY CONSIDERATIONS

In addition to his petition, Petitioner also filed numerous notices and letters apprising the

Court of his efforts to obtain post-conviction relief in the state courts during the pendency of this

habeas action. See Dkt. #s 33-43, 46.  He states that he is pursuing post-conviction relief on one

additional ground of error, as follows: "the court was absent jurisdiction to impose judgment and

sentence because petitioner was deprived the actual assistance of counsel in violation of U.S.C.A. --

Sixth, and Fourteenth." See Dkt. # 30, attached "exemplar." In one of the filings, see Dkt. # 42,

Petitioner states his intent to appeal from the final rulings by the Ottawa County District Court and

the Oklahoma Court of Criminal Appeals denying his request for a second post-conviction appeal out of time.  Based on the record provided by Petitioner, it appears that proceedings on his second and third post-conviction applications have concluded.  However, Petitioner has not sought leave to file an amended petition to add another habeas claim.  Therefore, the Court will consider only the claims raised in the petition.

Lastly, on August 30, 2012, Petitioner filed a "request to take judicial notice" (Dkt. # 47).  As part of his request, Petitioner provides letters and an affidavit to support his claim of actual innocence.  However, for the reasons discussed in Part C, below, the Court shall deny any relief requested in the "request to take judicial notice."

## BACKGROUND

On June 11, 2003, Petitioner was involved in an altercation with his estranged wife, Billie Waterman Seely, and her boyfriend, Gregory Abbott, at Ms. Seely's residence located in Ottawa County, Oklahoma.  On that date, Ms. Seely and Mr. Abbott claimed that they woke from an afternoon nap and found Mr. Seely standing over them with a heavy pipe.  He proceeded to beat both of them with the pipe.  According to Ms. Seely, Mr. Seely then forced her into her car and drove her to his friend's home in Joplin, Missouri. Eventually, she was able to escape and flag down a law enforcement officer.  She was taken by ambulance to a hospital in Joplin.  Meanwhile, back in Ottawa County, Mr. Abbott was found by an area resident walking down a county road.  He was bloody and beaten.  He was life-flighted by helicopter to the hospital in Joplin where he was admitted for treatment of his injuries.

Based on those events, Petitioner was charged by Amended Information with First Degree Burglary (Count 1), Kidnapping (Count 2), Assault and Battery With Intent to Kill as to Gregory

Abbott (Count 3), Assault and Battery With a Dangerous Weapon as to Billie Seely (Count 4), and

Larceny of an Automobile (Count 5), all After Former Conviction of Two or More Felonies, in

Ottawa County District Court, Case No. CF-2003-274. Petitioner was tried by a jury. At trial, the

jury heard a different version of events from defense witnesses, Jeremiah Waterman, son of Billie

and Don Seely, and Samantha Gum, both of whom were present during parts of the altercation.  At

the conclusion of trial, Petitioner was found guilty as to Counts 1 and 4 and not guilty as to Counts

2, 3, and 5.  On June 29, 2005, Petitioner was sentenced in accordance with the jury's

recommendation to twenty-one (21) years imprisonment on both Counts 1 and 4, with the sentences

ordered to be served consecutively.  At trial, Petitioner was represented by attorney Richard L.

Yohn.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal

Appeals (OCCA).  On direct appeal, Petitioner was represented by attorney Alecia Felton George.

Petitioner raised the following propositions of error:

Proposition 1: Mr. Seely's punishment must be modified because the punishment range given by the trial court during second stage instruction was incorrect.

Proposition 2: Mr. Seely's punishment is excessive and should be modified by this Court.

Proposition 3: Trial counsel rendered ineffective assistance of counsel in failing to move to quash and/or dismiss the information in Mr. Seely's case based upon the dismissal of the same charges in Newton County, Missouri, and failing to present documentation from Missouri in support of this claim.  Additionally, trial counsel rendered ineffective assistance in failing to present certain impeachment evidence which would have cast doubt upon the credibility of Billie Seely and Gregory Abbott.  The trial court failed to inquire into a conflict of interest which developed between Mr. Seely and trial counsel as a result.

Proposition 4: Mr. Seely is entitled to a new trial and/or sentencing as a result of the trial court's failure to follow statutory procedures mandating that questions from

3

the jury during deliberations must be handled in open court and on the record.

(Dkt. # 13, Ex. 1). Petitioner also filed a combined application for evidentiary hearing and request to supplement the record (Dkt. # 13, Ex. 2), and a motion for new trial (Dkt. # 13, Ex. 3). On October 17, 2007, in Case No. F-2005-640, the OCCA entered its unpublished summary opinion granting Petitioner's request to supplement the record, denying his requests for an evidentiary hearing and for a new trial, affirming the Judgment, and modifying the sentences to a term of imprisonment of twenty (20) years on each count.  See Dkt. # 13, Ex. 5.

On May 23, 2008, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. # 13, Exs. 6, 7, 8. He raised the following propositions of error:

Proposition 1: Petitioner was deprived of counsel of choice and original counsel went on to represent the State's primary witness against Petitioner after Petitioner had divulged confidential facts and defense strategy.

Proposition 2: Substitute counsel failed to request a postponement of the preliminary hearing to interview eyewitnesses, take their depositions, call witnesses to rebut state witness testimony and subpoena any defense evidence.

Proposition 3: Substitute counsel failed to challenge the charging language of "with the intent to kill element" left in the second part of the Count Four Amended Information charging Petitioner with 21 O.S. § 645 Assault and Battery With a Dangerous Weapon and 21 O.S. § 652 With the Intent to Kill in the same offense.

Proposition 4: Substitute counsel failed to investigate the state witnesses/allege[d] victims' prior criminal activities against Petitioner and call all the witnesses who would testify to those criminal activities.

Proposition 5: Trial counsel failed to investigate a deal of leniency given to the state witness in exchange for his testimony, and the ongoing acts of violence between the state witnesses.

Proposition 6: Substitute counsel failed to review a series of incorrect jury instructions that gave the wrong element of the crime, mixed the

4

language and applicable law, presented deadly weapon language, combined excerpts and elements of separate crimes, and used different statutory provisions given to the jury at the guilt/innocence phase of trial.

Proposition 7:          Substitute counsel failed to request and submit jury instructions on the defense of duress and necessity/compulsion as part of Petitioner's self defense theory given to the jury at the guilt phase of trial.

Proposition 8:          Substitute counsel failed to investigate Petitioner's prior mental history resulting in counsel's inability to raise Petitioner's defense of unconsciousness/automatism.

Proposition 9:          Substitute counsel failed to raise Petitioner's competency before trial or investigate Petitioner's previous mental history.

Proposition 10:         Substitute counsel failed to request a competency hearing and subpoena the witness who could testify at such a hearing.

Proposition 11:         The District Attorney's Office purposely withheld a sentence reduction/deal of immunity given to a state witness in exchange for his false testimony against Petitioner.

Proposition 12:         The prosecution lost or destroyed the bloody knife from a secured & locked evidence room within the Ottawa County Sherrif's [sic] Department.

Proposition 13:          Petitioner was deprived [of] his constitutional right to due process when he was not afforded a fair opportunity to dispute the factual findings contained within the presentence investigation report as mandated by 22 O.S. § 982(d).

Proposition 14:         Petitioner was deprived of his Sixth and Fourteenth Amendment right, U.S. Const. and Article II §§ 6, 7, 19, and 20 Okla. Const. to have the jury determine his sentences beyond a reasonable doubt as Oklahoma sentencing scheme is unconstitutional with judge found facts determining whether sentences are concurrent or consecutive.

Proposition 15:         Petitioner's due process was violated when the court tried Petitioner by the combining of two seperate [sic] and distinct criminal statues [sic] in the same offense, thus, Count IV Assault & Battery With a Dangerous Weapon 21 O.S. § 645 and "With the Intent to Kill" element under 21 O.S. § 652 added to the second part of Count Four constituting the alleged offense in the Amended Information.

5

Proposition 16:        Petitioner's due process was violated when the court failed to properly instruct the jury by submitting erroneous instructions having incorrect elements of the offense, mixed statutory language and applicable law, using deadly weapon language, combing [sic] excerpts and elements from seperate [sic] and distinct offenses at the guilt stage of the trial.

Proposition 17:        Petitioner's due process was denied when the court through ex parte communications at sentencing failed to properly instruct the jury on applicable law and clear away their confusion of an offense not charged to Petitioner caused by faulty first stage jury instructions.

Proposition 18:        Petitioner's due process was violated by the trial court's failure to set a hearing and rule on properly filed motion(s) for new trial and other pending motions filed in the court.

Proposition 19:        Appellate counsel failed to properly file motion(s) for new trial, and instead knowingly filed a premature incomplete, inadequate direct appeal contrary to Oklahoma statutory law. Title 22 O.S. § 1054.1, while Petitioner had timely filed motion for new trial pending in District of Ottawa County.

Proposition 20:        Petitioner was denied due process by appellate counsel purposely winnowing obvious dead bang winner claims requiring reversal, for the weaker less merited second stage sentencing claims resulting in only a minor sentence modification by OCCA on direct appeal.

Proposition 21:        Petitioner asserts that the cumulative errors in this application for post-conviction relief taken together with the errors asserted in the brief on direct appeal amount to a denial of a fair and impartial trial, as well as a fair and impartial direct appeal denying Petitioner his statutory and constitutional right to a just adjudication.

(Dkt. # 13, Exs. 6a, 6b, 6c).   By order filed November 24, 2008, the trial court denied post-conviction relief. See Dkt. # 13, Ex. 7. Petitioner appealed.  By order filed March 16, 2009, in Case No. PC-2008-1230, the OCCA affirmed the denial of post-conviction relief. Id.

Petitioner commenced the instant habeas corpus action by filing his petition on May 7, 2009.

See Dkt. # 5.  He raises the following grounds of error:

6

Ground 1: Ineffective assistance of trial counsel -- failure to quash information, failure to investigate impeachment evidence, conflict of intrest [sic], and incorporated Proposition Two.
Proposition Two from post-conviction: Substitute counsel failed to request a postponement of the preliminary hearing to interview eyewitnesses, take thier [sic] depositions, call witnesses to rebut state witness testimony and subpoena any defense evidence.

Ground 2: Mr. Seely is entitled to a new trial/and or sentencing as the court failed to follow statutory procedures mandating question from jury be answered in open court.

Ground 3: Petitioner was deprived of counsel of choice and original [counsel] went on to represent the State's primary witness against Petitioner after divulging confidential information to counsel.

Ground 4: Counsel failed to challenge the wrong amended count four information combining 21 O.S. § 645 and § 652 in the same charge using "intent to kill" as the criteria.

Ground 5: Counsel failed to investigate the state witnesses' prior criminal activities as motive, or call witnesses who would testify to those criminal activities at trial.

Ground 6: District Attorney purposely withheld a sentence reduction and deal of immunity given to Mr. Abbott, and lost or destroyed the bloody knife used by Mr. Abbott on Petitioner.

Ground 7: Counsel failed to review a series of incorrect jury instructions on wrong elements, mixed language, combining statutory excerpts and elements etc., at the guilt phase of trial.

Ground 8: Counsel failed to submit OUJI on defense of duress-necessity/compulsion as part of defense theory and defense of unconsciousness/automatism.

Ground 9: Petitioner was deprived [of] his statutory right to dispute the factual findings in his PSR generated by P.O. Kathy Bridges, state witness Mr. Abbott's probation officer.

Ground 10: Appellate counsel winnowed out obvious dead bang winner claims requiring reversal of conviction, for weaker sentence stage claims on direct appeal.

Ground 11: On direct appeal -- Mr. Seely's sentence is excessive and should be modified and sentences should run concurrently.

(Dkt. # 5).  In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d) or that his claims are procedurally barred.  See Dkt. # 13.

### ANALYSIS

### A.  Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies.  The Court agrees.  Petitioner exhausted state court remedies for the claims raised in the petition when he presented his claims to the OCCA on direct and post-conviction appeal.[1]

### B.  Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

### C.  "Request to take judicial notice"

On August 30, 2012, or more than three (3) years after filing his petition, Petitioner filed a "request to take judicial notice" (Dkt. # 47).  Attached to the request are the following: an undated letter written to Petitioner by his son, Brian, referencing "a letter mom wrote you in 2005 around Nov."; the letter, allegedly written in November 2005, to Petitioner from Billie Jean Waterman, Petitioner's ex-wife, mother of Brian and Jeremiah Waterman, and victim in this case; a second letter to Petitioner, dated October 14, 2009, from Ms. Waterman; and the Affidavit of Jeremiah

---

[1]It does not appear that Petitioner has presented his claim of actual innocence, as raised in the "request to take judicial notice" (Dkt. # 47), to the OCCA. Therefore, that claim cannot provide a basis for habeas corpus relief because it is unexhausted.  See 28 U.S.C. § 2254(b).

Waterman, dated March 31, 2010.  Id. Petitioner asserts that the letters support his claim of innocence. Id. In her letters, Ms. Waterman writes that she was afraid of Mr. Abbott and that he "made her go to court." See Dkt. # 47, attached undated letter at page 8 of 12.

To the extent Petitioner seeks leave to amend his petition to add a claim of actual innocence, the request shall be denied because Petitioner failed to present his claim within the one-year limitations period found in 28 U.S.C. § 2244(d)(1). While an amendment can relate back to the original filing date if "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading," Fed. R.Civ.P. 15(c)(1)(B), with respect to amendment of habeas petitions the Supreme Court has determined that "[a]n amended habeas petition . . . does not relate back (and, thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle v. Felix, 545 U.S. 644, 650 (2005). That the grounds for relief are related to the petitioner's trial and conviction is, by itself, insufficient. Id. Rather, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 659.

Having reviewed the grounds asserted in the original petition and the claim of innocence cited in Petitioner's "request to take judicial notice," the court finds no showing on the face of the record that would allow for Petitioner's new ground to relate back to the filing date of the original petition. Although Petitioner argues in ground 5 of the petition that trial counsel provided ineffective assistance in failing to investigate the victims' motivation for their testimony against Petitioner, the source of the motivation was alleged prior criminal activities, not threats made to Ms. Seely by Mr. Abbott.  Since the new claim does not relate back to the original petition, it is time barred unless

Petitioner is entitled to statutory or equitable tolling.  First, the new claim is untimely under § 2244(d)(1)(D). The letters and the affidavit are either dated more than one year ago or refer to a factual predicate that could have been discovered more than one year ago. At the latest, Petitioner knew of Ms. Waterman's statements on or about March 31, 2010, when his son, Jeremiah Waterman, executed his affidavit, under penalty of perjury, stating that he had sent Ms. Waterman's October 2009 letter to Petitioner. See Dkt. # 47, attached Affidavit at page 1 of 2.  In addition, the fact that Mr. Abbott physically abused Ms. Seely was known at the time of trial in 2005. Ms. Seely testified at trial that on the morning of June 11, 2003, she talked to Petitioner on the telephone and told him that she and Mr. Abbott "weren't doing too good" and provided details of a physical altercation she had with Mr. Abbott three (3) days earlier. See Dkt. # 15, Tr. Trans. at 129-30. Mr. Abbott also admitted at Petitioner's trial that he had placed bruises on Ms. Seely two (2) to three (3) days before the incident involving Petitioner and that there had been incidents of "domestic abuse" during his relationship with Ms. Seely.  See Dkt. # 15-1, Tr. Trans. at 245.

The Court further finds that Petitioner is not entitled to equitable tolling. The Tenth Circuit has held that where "a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay." Lopez v. Trani, 628 F.3d 1228, 1231 (10th Cir. 2010).  Rather, "a sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for failure to bring these claims forward earlier." Id. at 1230-31. To establish a credible claim of actual innocence, a petitioner must support his claim with "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and

10

show "that it is more likely than not that no reasonable juror would have convicted him in the light

of the new evidence." Id. at 327. In this case, the letters provided by Petitioner do not establish a

credible claim of actual innocence. Although Ms. Seely states that Mr. Abbott threatened to kill her

if she did not say what he wanted her to say at trial, she does not state that her testimony was untrue.

In light of all the evidence presented at trial, the Court cannot find that it is more likely than not that

no reasonable juror would have convicted him in the light of the "new" evidence contained in the

letters. Accordingly, Petitioner is not entitled to equitable tolling and federal habeas relief on the

new ground is time barred, making it futile to allow amendment of the § 2254 petition.  Any relief

requested in Petitioner's request to take judicial notice shall be denied.

## D.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be

applied by federal courts reviewing constitutional claims brought by prisoners challenging state

convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain

federal habeas relief only if the state decision "was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United

States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S.

362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court

applies the correct federal law to deny relief, a federal habeas court may consider only whether the

state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S.

685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct.  The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated grounds 1, 2, and 11 on direct appeal.  In addition, the OCCA adjudicated Petitioner's claim of ineffective assistance of appellate counsel (ground 10) on post-conviction appeal.  Therefore, those claims will be reviewed pursuant to § 2254(d).

### 1. Ineffective assistance of trial counsel (ground 1)

As his first ground of error, Petitioner claims that he received ineffective assistance of trial counsel.  He complains that trial counsel failed to quash the information after criminal charges filed in Newton County, Missouri, were dismissed; failed to investigate impeachment evidence; and failed to advise the trial judge of a conflict of interest. See Dkt. # 5. On direct appeal, the OCCA applied the two-pronged standard of Strickland v. Washington, 466 U.S. 686 (1984), and rejected all three (3) of these claims. First, as to Petitioner's claim that trial counsel provided ineffective assistance in failing to quash the information based on the dismissal of criminal charges filed in Missouri, the OCCA found as follows:

> Trial counsel was not ineffective for failure to move to quash the charging information on a collateral estoppel theory; nor was counsel ineffective for not presenting documentation from a related, but dismissed, Missouri case as support for a motion to quash. The crimes charged in the Missouri case and the crimes charged in the instant case were different.  The issues under litigation in Missouri, therefore, were not identical to those presented here.  Furthermore, the party against whom the collateral estoppel defense would have been invoked (the State of Oklahoma) was not a party to the Missouri adjudication; nor could it have been.  Clearly, trial counsel had no basis for pursuing a collateral estoppel objection to the charging information. Because Seely's collateral estoppel argument is meritless, counsel's failure to raise it cannot constitute ineffective assistance.

Dkt. # 13, Ex. 5 (citations and footnote omitted).  Next, as to Petitioner's claim that trial counsel

provided ineffective assistance in failing to use certain evidence about the victims in order to

impeach their credibility as witnesses, the OCCA found that:

> The bulk of the evidence Seely claims his attorney failed to introduce as
> impeachment evidence had already been introduced by the State through the
> testimony of the witnesses on direct examination.  Furthermore, the remaining
> evidence would have been inadmissible under 12 O.S.2001, §§ 2608-2609, as
> extrinsic evidence of specific acts of wrongful conduct, not evidence of convictions
> of crimes.  Because the evidence Seely contends should have been used for
> credibility impeachment purposes would have been inadmissible either as cumulative
> evidence or as improper evidence of specific instance of misconduct, counsel was not
> ineffective for not attempting to present that evidence at trial.

Id. (citation omitted). Lastly, the OCCA also rejected Petitioner's claim that trial counsel was

ineffective under a conflict of interest theory, as follows:

> If it is assumed, as Seely claims, that a conflict of interest arose because he and trial
> counsel disagreed over material facts, legal issues, and an appropriate course of
> action (i.e., use of witness credibility evidence and collateral estoppel defense),
> counsel's failure to pursue these matters was not deficient performance because even
> ethical conflict-free counsel could not and would not have raised meritless issues.
> Moreover, even if counsel had raised the issues, the outcome would have remained
> the same.  That is, the motion to quash on collateral estoppel grounds would have
> been denied for lack of legal basis and the proffered impeachment evidence would
> have been ruled inadmissible as cumulative or as prohibited evidence of specific acts
> of wrongful conduct.  Because Seely's underlying collateral estoppel and evidentiary
> arguments lack merit, counsel's failure to raise them, even if operating under a
> conflict of interest, cannot constitute ineffective assistance of counsel.

Id. (citations omitted).

In this habeas action, Petitioner is not entitled to relief on his claims of ineffective assistance

of trial counsel unless he demonstrates that the OCCA unreasonably applied Strickland.  Under

Strickland, a defendant must show that his counsel's performance was deficient and that the

deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d

1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel

performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential. " Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

Petitioner has failed to demonstrate that the OCCA unreasonably applied the Strickland standard in denying these claims of ineffective assistance of counsel. The record provided by Respondent includes an "application for evidentiary hearing and request to supplement the record pursuant to Rule 3.11(B)(3)(b) in support of claim of ineffective assistance of trial counsel asserted in Appellant's brief-in-chief; additional request to supplement the record with affidavit from trial judge in an effort to ensure a complete appellate record" (Dkt. # 13, Ex. 2). Exhibits appended to

14

that motion included documents from Newton County, Missouri, Case No. CR403-1117FX,[2] Petitioner's affidavit, appellate counsel's affidavit, and the affidavit of Ottawa County District Judge Robert E. Reavis, II, the trial judge for Petitioner's case.  See id. Those documents and affidavits support the OCCA's rejection of Petitioner's claims that trial counsel provided ineffective assistance of counsel in failing to file a motion to quash, in failing to use certain evidence about the victims in order to impeach their credibility as witnesses, and in providing representation under a conflict of interest. The Court concludes that Petitioner has failed to demonstrate that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). He has not overcome the doubly deferential standard applicable to ineffective assistance of counsel claims and he is not entitled to habeas corpus relief on this claim.

### 2.  Trial judge's failure to answer question from jury in open court (ground 2)

As his second ground of error, Petitioner asserts that he is entitled to a new trial and/or resentencing because, during the second stage proceeding, the trial judge failed to follow statutory procedures mandating that a question from the jury be answered in open court.  See Dkt. # 5.  On direct appeal, the OCCA determined that this claim had been rendered moot because of its decision to modify Petitioner's sentences to the statutory minimum on each count.  See Dkt. # 13, Ex. 5.

---

[2]The records from Newton County, Missouri, Case No. CR403-1117FX, reflect that Petitioner was charged with kidnapping by unlawfully confining Billie Seely without her consent (Count I) and domestic assault in the second degree by knowingly causing physical injury to Billie Seely by striking her in the face with his fist (Count II). See Dkt. # 13, Ex. 2. Those charges were dismissed on February 17, 2004. See id.

To the extent Petitioner's claim is premised on an alleged error of state law,[3] he is not entitled to habeas relief. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67–68 (1991); see also Hooks v. Workman, 606 F.3d 715, 748 (10th Cir. 2010). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle, 502 U.S. at 67-68.

To the extent Petitioner raises a due process claim, the Court finds that the failure to address a note from the jury in open court did not render Petitioner's sentencing trial fundamentally unfair. Petitioner claims that during the sentencing phase of his trial, his jury was confused as evidenced by a note sent to the trial judge during deliberations. The trial transcript makes no reference to either the note or its resolution. However, a copy of the note is part of the original record. See Dkt. # 15-5 at 238. Furthermore, as part of Petitioner's direct appeal, the OCCA granted appellate counsel's request to supplement the record with the affidavit of the trial judge. See Dkt. # 13, Ex. 5 at 6. In his affidavit, Judge Reavis responded to appellate counsel's inquiry concerning the note and explained that "[a]fter conversation with the State's attorney and the Petitioner's attorney, Richard L. Yohn, no additional instructions were given to the jury as they had already received all evidence and instructions regarding the case." See Dkt. # 13, Ex. 2 at 30. The Court finds that under the facts of this case, the trial court's handling of the note from the jury did not deprive Petitioner of due

---

[3]Oklahoma law provides that "[a]fter the jury have retired for deliberation, if there be a disagreement between them as to any part of the testimony or if they desire to be informed on a point of law arising in the cause, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to the district attorney and the defendant or his counsel, or after they have been called." Okla. Stat. tit. 22, § 894 (2001).

process.  Also, as determined by the OCCA, any request for relief from his sentences was rendered moot by the OCCA's modification of Petitioner's sentences to the statutory minimum of 20 years on each count.  Petitioner is not entitled to habeas corpus relief on this claim.

### 3.  Ineffective assistance of appellate counsel (ground 10)

In ground 10, Petitioner argues that appellate counsel provided ineffective assistance when she failed to raise "dead bang winner" claims on direct appeal.  Specifically, he claims that appellate counsel provided ineffective assistance in failing to argue that (1) original defense counsel went on to represent state witness Gregory Abbott, (2) original counsel coached the testimony of state witness Gregory Abbott, (3) first stage jury instructions were improper as to crimes charged in Counts 1 and 4, and (4) the testimony of the State's two key witnesses was improperly motivated. See Dkt. # 5.  On post-conviction appeal, the OCCA rejected Petitioner's claim of ineffective assistance of appellate counsel, finding as follows:

> As for Petitioner's claim that he was denied effective assistance of appellate counsel, the record does not support this claim.  Petitioner complains appellate counsel did not raise issues he believes should have been raised on direct appeal.  Failure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause of argument regardless of merit. *See Cartwright v. State*, 1985 OK CR 136, ¶¶ 6-8, 708 P.2d 592.

(Dkt. # 13, Ex. 7).

The OCCA's statement regarding appellate counsel's failure "to advance every cause of argument regardless of merit" deviates from the controlling federal standard. Cargle v. Mullin, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal

constitutional law). See also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005) (following Cargle). Because the OCCA's analysis of Petitioner's allegations of ineffective assistance of appellate counsel deviated from the controlling federal standard, it is not entitled to deference on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1248.  Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel *de novo*.

In evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle, 317 F.3d at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93). For the reasons discussed below, the Court finds Petitioner has failed to demonstrate entitlement to relief on his claims of ineffective assistance of appellate counsel.

### a.     original counsel's representation of state's witness Gregory Abbott

Petitioner alleges that appellate counsel provided ineffective assistance in failing to argue that his constitutional rights were violated when his original attorney withdrew and provided subsequent representation to state's witness Gregory Abbott.  Petitioner raised this claim in his application for post-conviction relief, where he explained that his first court-appointed attorney was Kenneth E. Wright. See Dkt. # 13, Ex. 7 at 59. Petitioner claims that he discussed defense strategies with a legal assistant from Mr. Wright's firm, Ms. Maryln Bilkie. However, on April 26, 2004, a hearing was held, without Petitioner being present. Petitioner claims that "for some unknown reason, Mr. Wright and Ms. Bilkie decided to represent the State's primary witness Mr. Gregory J. Abbott in a deal of immunity on a reduced sentence for a 2nd CDS violation." Id. He also claims that Mr. Wright and Ms. Bilkie coached Mr. Abbott's testimony against Petitioner.

Under the facts of this case, the Court finds appellate counsel did not provide ineffective assistance.  Mr. Abbott's testimony was not inherently unreliable and his credibility was a matter for the jury to decide. Also, Petitioner was found to be not guilty of the charge involving Mr. Abbott, Count 3, Assault and Battery With Intent to Kill.  Significantly, Petitioner has failed to show a reasonable probability that the result of his appeal would have been different had appellate counsel raised a claim based on the fact that Petitioner's original attorney provided representation to Mr. Abbott in separate proceedings.  Therefore, Petitioner cannot satisfy the Strickland standard and he is not entitled to relief on this claim of ineffective assistance of appellate counsel.

### b.     failure to question state's witnesses about immunity deals

Next, Petitioner claims that appellate counsel provided ineffective assistance in omitting a claim regarding trial counsel's failure to question witnesses about immunity deals reached with the

prosecutor. However, nothing in the record suggests that any of the State's witnesses were coerced into testifying as they did.  As noted by the prosecutor, Ms. Seely and Mr. Abbott gave consistent explanations of the events, from the time they were interviewed separately at the hospital to their testimony at trial.  Nothing suggests coercion. Petitioner has failed to show a reasonable probability that the result of his appeal would have been different had appellate counsel raised a claim challenging trial counsel's failure to question witnesses about immunity deals.

### c.        failure to challenge first stage jury instructions

Next, Petitioner claims that appellate counsel provided ineffective assistance in omitting a claim that the first stage jury instructions were erroneous. The Court has reviewed the jury instructions and finds that, taken as a whole, the instructions complied with Oklahoma law. The Court recognizes that Instruction No. 19, providing the elements for Assault and Battery With Intent to Kill, contains a typographical error.[4]  See Dkt. # 15-5, O.R. at 201.  However, Petitioner was found "not guilty" of Assault and Battery With Intent to Kill as to Gregory Abbott.  Therefore, he cannot demonstrate that he suffered prejudice by appellate counsel's failure to challenge the jury instruction.  Appellate counsel did not provide ineffective assistance in failing to raise this claim.

### d.        trial counsel's failure to question witnesses concerning their motives

Petitioner claims that appellate counsel provided ineffective assistance in omitting a claim of ineffective assistance of trial counsel for failing to present evidence that Ms. Seely and Mr. Abbott had motives to lie.  In support of this claim, Petitioner implies that Ms. Seely and Mr. Abbott

---

[4]Instruction No. 19 is entitled "Assault and Battery With Intent to Kill -- Elements," and it provides the elements for that crime.  However, the first sentence of the instruction reads "[n]o person may be convicted of *burglary in the first degree* unless the State has proved beyond a reasonable doubt each element of the crime."  See Dkt. # 15-5, O.R. at 201 (emphasis added).

lied at trial to avoid being prosecuted "for burglary and checks." See Dkt. # 5 at 22. However, the jury heard and saw evidence at trial other than the testimony of Ms. Seely and Mr. Abbott. Specifically, they heard the testimony of Don Hollingshead, Deputy Sheriff of Newton County, Missouri, who encountered Ms. Seely walking along the side of a road outside of Joplin at about 11 p.m., on June 11, 2003. See Dkt. # 15-1, Tr. Trans. at 268-72. He described her physical and emotional condition and her description of the day's events. See id. Deputy Hollingshead arranged for Ms. Seely to be transported by ambulance to the hospital in Joplin. Id. at 272.  At the hospital, Deputy Hollingshead also interviewed Gregory Abbott who had been life-flighted a few hours earlier to the same hospital for treatment of his injuries. Id. at 274.  Mr. Abbott told him the same story.  Id. In addition, the jury heard the testimony of Troy Wilmoth, who was a criminal investigator for the Ottawa County Sheriff's Office on June 11, 2003. See id. at 297. Mr. Wilmoth also interviewed Ms. Seely and Mr. Abbott separately at the hospital. Id. at 305, 308.  They told Mr. Wilmoth the same story and had not talked to each other at the hospital. Id. at 310. Upon review of the evidence presented at trial, the Court finds Petitioner cannot show a reasonable probability that, even if trial counsel had questioned Ms. Seely and Mr. Abbott about trying to avoid prosecution for "burglary and checks," the results of his trial would have been different.  Therefore, he cannot satisfy the prejudice prong of the Strickland standard and appellate counsel did not provide ineffective assistance in failing to raise this claim.

> **e.      failure to allege adequately claims of ineffective assistance of trial counsel in preparing for the preliminary hearing**

As part of ground one, Petitioner claims that appellate counsel provided ineffective assistance in failing to raise the claims of ineffective assistance of trial counsel raised in ground two of his application for post-conviction relief.  According to Petitioner, appellate counsel provided

ineffective assistance in omitting claims related to trial counsel's preparation for the preliminary hearing. He complains that trial counsel failed to request a postponement of the preliminary hearing so that he could interview and depose witnesses, failed to call witnesses to rebut the testimony of State's witnesses at the preliminary hearing, and failed to subpoena any defense evidence to present at preliminary hearing. Petitioner cannot satisfy the <u>Strickland</u> standard. His claims are based on a misunderstanding of the purpose of the preliminary hearing which is to establish the existence of probable cause. Under Oklahoma law, a preliminary hearing can be limited to evidence that is relevant to (1) whether a crime has been committed, and (2) whether there is probable cause to believe the defendant committed the crime, since making these two determinations is "[t]he purpose of the preliminary hearing." <u>See</u> Okla. Stat. tit. 21, § 258 (Supp. 1994). Given the limited purpose of the preliminary hearing, Petitioner has failed to demonstrate that he was prejudiced by trial counsel's preparation for the preliminary hearing. Therefore, appellate counsel did not perform deficiently in failing to raise these claims of ineffective assistance of trial counsel on direct appeal.

In summary, Petitioner has not demonstrated that he is entitled to habeas corpus relief on his claims of ineffective assistance of appellate counsel.

### 4.  Excessive sentence (ground 11)

As his eleventh proposition of error, Petitioner claims that his sentences of twenty (20) years on each count, to be served consecutively, are excessive. <u>See</u> Dkt. # 5. Petitioner raised an excessive sentence claim on direct appeal. The OCCA ruled as follows:

> Given the violent nature of the two crimes, and given that Seely has at least two prior felony convictions, including one for aggravated assault, the total forty year sentence (two twenty year sentences running consecutively) does not shock the conscience of this Court. *See Head v. State*, 2006 OK CR 44, ¶ 27, 146 P.3d 1141, 1148 (holding that a sentence within the statutory range will be affirmed on appeal unless, considering all the facts and circumstances, it shocks the conscience of this Court).

(Dkt. # 13, Ex. 5 at 2-3).

This Court affords "wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000). Indeed, the Court's review generally ends "once we determine the sentence is within the limitation set by statute." Id.

In this case, the OCCA modified Petitioner's sentences to twenty (20) years, the minimum allowed under the recidivist statute. See Okla. Stat. tit. 21, § 51.1 (providing a sentencing range of "twenty (20) years to life imprisonment" for conviction of a subsequent felony of having been twice convicted of felony offenses). Petitioner's sentences are not excessive. Petitioner is not entitled to habeas corpus relief on this claim.

**E. Procedural Bar (grounds 3-9)**

Respondent argues that Petitioner's grounds 3-9 are procedurally barred from this Court's review as a result of Petitioner's failure to raise those claims on direct appeal. See # 8. In affirming the state district court's denial of post-conviction relief, the OCCA found that "[a]ll issues previously ruled upon by this Court are *res judicata*, and all issues not raised in the direct appeal, which could have been raised, are waived." (Dkt. # 13, Ex. 7).

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v.

Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995);

Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural

default is independent if it is separate and distinct from federal law."  Maes, 46 F.3d at 985.  A

finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in

the vast majority of cases.'"  Id. (citation omitted).

Applying the principles of procedural default to these facts, the Court concludes that

Petitioner's grounds numbered 3-9 are procedurally barred from this Court's review.  Based on

Okla. Stat. tit. 22, § 1086, the OCCA routinely bars claims that could have been but were not raised

on direct appeal.  The state court's procedural bar as applied to these claims was an "independent"

ground because Petitioner's failure to comply with state procedural rules was "the exclusive basis

for the state court's holding."  Maes, 46 F.3d at 985.  Additionally, the procedural bar, as applied

to grounds 6 and 9, was an "adequate" state ground because, as stated above, the OCCA consistently

declines to review claims which could have been but were not raised on direct appeal.  Okla. Stat.

tit. 22, § 1086.

The Court also finds that the bar imposed by the OCCA on Petitioner's claim of ineffective

assistance of trial counsel, grounds 3-5, 7-8, was based on state law grounds adequate to preclude

federal review.  When the underlying claim is ineffective assistance of counsel, the Tenth Circuit

Court of Appeals has recognized that countervailing concerns justify an exception to the general rule

of procedural default.  Brecheen v. Reynolds, 41 F.3d 1343, 1363 (10th Cir. 1994) (citing

Kimmelman v. Morrison, 477 U.S. 365 (1986)).  The unique concerns are "dictated by the interplay

of two factors: the need for additional fact-finding, along with the need to permit the petitioner to

consult with separate counsel on appeal in order to obtain an objective assessment as to trial

24

counsel's performance." Id. at 1364 (citing Osborn v. Shillinger, 861 F.2d 612, 623 (10th Cir.

1988)).   The Tenth Circuit explicitly narrowed the circumstances requiring imposition of a

procedural bar on ineffective assistance of counsel claims first raised collaterally in English v. Cody,

146 F.3d 1257 (10th Cir. 1998).  In English, the circuit court concluded that:

> Kimmelman, Osborn, and Brecheen indicate that the Oklahoma bar will apply in
> those limited cases meeting the following two conditions: trial and appellate counsel
> differ; and the ineffectiveness claim can be resolved upon the trial record alone.  All
> other ineffectiveness claims are procedurally barred only if Oklahoma's special
> appellate remand rule for ineffectiveness claims is adequately and evenhandedly
> applied.

Id. at 1264 (citation omitted).

After reviewing the record in this case in light of the factors identified in English, the Court

concludes that Petitioner's claims of ineffective assistance of trial counsel are procedurally barred.

At trial, Petitioner was represented by attorney Richard L. Yohn.   On appeal, Petitioner was

represented by attorney Alecia Felton George.  For purposes of the first requirement identified in

English, the Court finds that Petitioner had the opportunity to confer with separate counsel on

appeal.  The second English factor requires that the claim could have been resolved either "upon the

trial record alone" or after adequately developing a factual record through some other procedural

mechanism. Id. at 1263-64. Petitioner alleges in grounds 3-5, 7-8 of his petition that his trial counsel

provided ineffective assistance when he (1) failed to challenge former defense counsel's subsequent

representation of the State's primary witness, (2) failed to challenge the wording of the amended

information, (3) failed to investigate the criminal activities of the State's primary witnesses, (4)

failed to object to incorrect jury instructions, and (5) failed to submit jury instructions on defense

theories of duress-necessity/compulsion and unconsciousness/automatism.  See Dkt. # 5.  Even if

Petitioner's defaulted claims could not all be resolved on the record alone, he has failed to allege

25

with specificity how the Oklahoma remand procedure provided by Rule 3.11, <u>Rules of the Oklahoma Court of Criminal Appeals</u>, was inadequate to allow him to supplement the record on his ineffective assistance of counsel claims.  <u>See</u> <u>Hooks v. Ward</u>, 184 F.3d 1206, 1217 (10th Cir. 1999) (once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden shifts to the petitioner to make specific allegations as to the inadequacy of the state procedure).  The Court notes that despite being granted multiple extensions of time to file a reply to Respondent's response, Petitioner instead filed a "brief in support" of his petition.  <u>See</u> Dkt. # 27.  Nothing in the brief in support is sufficient to demonstrate inadequacy of the OCCA's remand procedure provided by Rule 3.11.  As a result, Petitioner has failed to carry his burden of demonstrating that Oklahoma's procedural bar is inadequate and his claims of ineffective assistance of trial counsel as raised in his post-conviction proceedings are procedurally barred.

Because of the procedural default of the identified claims in state court, this Court may not consider the claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. <u>See</u> <u>Coleman</u>, 501 U.S. at 750.  The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  <u>Id.</u>  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains."  <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted.  <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).

Throughout his petition and "brief in support," Petitioner attributes the failure to raise to defaulted claims to his appellate counsel.  See Dkt. #s 5 and 27.  Also, in his application for post-conviction relief filed in the state district court, Petitioner alleged that appellate counsel provided ineffective assistance in failing to raise his defaulted claims on direct appeal. See Dkt. # 13-6, 13-7, 13-8. However, those claims of ineffective assistance of appellate counsel were not presented to the state courts as independent constitutional claims. See Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (emphasizing that a claim of ineffective assistance generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default); Murray, 477 U.S. at 488-89 (same). As a result, Petitioner's claims of ineffective assistance of appellate counsel may not serve as cause for the procedural default of grounds 3-9.

In an abundance of caution, however, the Court will address whether appellate counsel provided ineffective assistance in failing to raise grounds 3-9 on direct appeal. First, in grounds 3, 4, 5, 7, and 8, Petitioner raises claims of ineffective assistance of trial counsel. In ground 3, Petitioner complains that his first attorney withdrew from representation, after Petitioner had given him confidential information, to provide representation to Gregory Abbott.  However, Petitioner never identifies the content of the purported confidential information and never explains how that information was used against him.  As a result, he has failed to satisfy the prejudice prong of the Strickland standard.  In ground 4, Petitioner complains that trial counsel failed to challenge the language of Count 4, as charged in the amended information.  However, the record reflects that the jury was properly instructed as to the crime charged in Count 4, assault and battery with a dangerous weapon as to Billie Seely, thereby curing any confusion in the language of the amended information as to Count 4. In ground 5, Petitioner complains that trial counsel failed to investigate the prior

criminal activities of Ms. Seely and Mr. Abbott in order to impeach their testimony. However, as discussed in Part D(3)(d) above, the jury heard and saw evidence at trial other than the testimony of Ms. Seely and Mr. Abbott. In addition, as noted by the OCCA, both witnesses admitted to their prior criminal history and their extensive histories of drug and alcohol use. Furthermore, much of the information now identified by Petitioner would have been inadmissible. Petitioner cannot demonstrate a reasonable probability that the result of his trial would have been different even if trial counsel performed deficiently with respect to the criminal histories of Ms. Seely and Mr. Abbott. As a result, he has failed to satisfy the prejudice prong of the <u>Strickland</u> standard. In ground 7, Petitioner complains that trial counsel failed to challenge the jury instructions. However, as previously stated, the jury instructions as a whole were adequate under Oklahoma law. Therefore, Petitioner has not demonstrated that the outcome of either the trial or the appeal would have been different had appellate counsel raised ground 7. Lastly, in ground 8, Petitioner complains that his trial counsel should have requested jury instructions regarding duress and unconsciousness or automatism. Under the facts of this case, neither of those defenses would have been appropriate. <u>See</u> <u>Long v. State</u>, 74 P.3d 105, 108-09 (Okla. Crim. App. 2003) (distinguishing defenses of self-defense and duress); <u>Smith v. State</u>, 932 P.2d 521, 533 (Okla. Crim. App. 1996) (explaining that the defense of automatism may be used in situations where the otherwise criminal conduct of an individual is the result of an involuntary act which is completely beyond the individual's knowledge and control). Appellate counsel did not provide ineffective assistance in failing to raise these claims on ineffective assistance of trial counsel on direct appeal.

In ground 6, Petitioner alleges that the prosecutor improperly withheld evidence of an agreement with Gregory Abbott for sentence reduction and immunity, and lost or destroyed a knife

used by Gregory Abbott during the altercation with Petitioner. Significantly, however, Petitioner was found not guilty of Assault and Battery With Intent to Kill as to Mr. Abbott.  In addition, a photograph of the knife observed at the scene was entered into evidence, see Dkt. # 15, Tr. Trans. at 142, and the jury was instructed that Petitioner defended against the charges by asserting that his actions were justified based on self-defense, see Dkt. # 15-5, O.R. at 214-20 (Instruction Nos. 32-38).  Petitioner has not demonstrated a reasonable probability that the result of his appeal would have been different had appellate counsel raised the issues identified in ground 6.

Lastly, in ground 9, Petitioner complains that he was deprived of his right to challenge the factual findings contained in the presentence report. However, the OCCA modified Petitioner's sentences to the minimum provided by statute. Thus, counsel's failure to raise ground 9 would not have changed the outcome of the appeal and Petitioner cannot satisfy the prejudice prong of the Strickland standard.

Having reviewed Petitioner's defaulted claims, the Court finds that under the facts of this case, Petitioner cannot demonstrate a reasonable probability that the outcome of his appeal would have been different had appellate counsel raised the claims. Therefore, ineffective assistance of appellate counsel cannot serve as cause to overcome the procedural bar applicable to grounds 3-9.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence.  Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of

innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). In the recently filed "request to take judicial notice" (Dkt. # 47), Petitioner does claim that he is actually innocent of the crimes for which he was convicted. However,  in light of the evidence presented at trial, the Court's confidence in the outcome of the trial is not undermined by Petitioner's "new" evidence in the form of letters and an affidavit.  The Court is not persuaded that, in light of the "new" evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt of the crimes for which he was convicted, First Degree Burglary and Assault and Battery With a Dangerous Weapon as to Ms. Seely.  Therefore, Petitioner is not entitled to overcome the procedural bar based on the fundamental miscarriage of justice exception.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims. Coleman, 501 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

**F.  Certificate of appealability**

30

Rule 11, <u>Rules Governing Section 2254 Cases in the United States District Courts</u>, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. <u>See Dockins v. Hines</u>, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

### *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Habeas corpus relief shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.      Petitioner's "request to take judicial notice" (Dkt. # 47) is **denied**.

2.      The petition for a writ of habeas corpus (Dkt. # 5) is **denied**.

3.      A separate judgment shall be entered in this matter.

4.      A certificate of appealability is **denied**.

DATED THIS 6th day of September 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma